[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: CHILD SUPPORT
This is an unusual situation in which the parties have entered into an agreement for the joint legal custody of their minor children which provides that each party will have the physical custody of the minor children for one week at a time. The weeks run from Friday to Friday. Specifically, there are two minor children, Marcela Gonzalez born February 28, 1994 and Vanessa Gonzalez born October 29, 1997. The agreement entered into by the parties includes a provision for both of the minor children to attend school in the same school district. The agreement also provides that they will live with the plaintiff father one week from Friday to Friday then with the defendant mother one week until the following Friday and so on. There are other provisions in the agreement which provide for vacations, holidays, and etc.
The schedule contemplated by this agreement arguably can be considered either shared custody or split custody. "Split custody" is defined in the Child Support Guideline Regulations (Sec. 46b-215a-1) as "a situation in which there is more than one child in common and each parent is the custodial parent of at least one of the children". The same regulation defines "shared physical custody as "a situation in which a noncustodial parent exercises visitation or physical care and control of the child for periods substantially in excess of a normal visitation schedule. An equal sharing of physical care and control of the child is not required for a finding of shared physical custody."
This case gives rise to the question, aptly asked by the plaintiffs counsel, wether there is a difference between each parent having one child all of the time or both parents having both children half of the time.
The parties have submitted child support guidelines worksheets which illustrate in clear fashion the difference between the presumptive amounts calculated depending on the definition. In a split custody situation the presumptive support for one parent is subtracted from that CT Page 13166 owed by the other parent and the difference between the two becomes the amount of support properly ordered under the guidelines. In shared custody situations, the court may consider factors which support a deviation from the presumptive amount. In this particular case the difference ranges from $88 payable by Mr. Gonzalez to Mrs. Gonzalez if the "split custody" criteria is used or $222 under the shared physical custody criteria without allowance for deviation.
The court finds that under the circumstances contemplated by the agreement of the parties the "shared physical custody" criteria is more appropriate. In this case both parties exercise physical care and control of the children for substantial periods. Additionally, the shared physical custody definition as provided above does contemplate an equal
sharing of physical care and control. Accordingly, the court finds that this agreement presents a shared physical custody agreement.
That finding having been made there is a deviation criteria for shared physical custody. That criteria may be applied when "such arrangement substantially reduces the custodial parent's or substantially increases the non-custodial parent's expense for the child; and sufficient funds remain for the parent receiving support to meet the basic needs of the child after deviation." The court upon reviewing the respective financial affidavits of the parties, the circumstances of each of their residences, does find that grounds exist to warrant deviation under the scope of the guidelines. Accordingly, the court orders child support payable by the plaintiff to the defendant in the amount of $125 per week.
________________, J. Robaina CT Page 13167